FILED
CLERK
12:47 pm, Mar 25, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
DAWN M. SCORDINO,

                Plaintiff,                **MEMORANDUM OF**
                                                **DECISION & ORDER**
        -against-                        2:17-cv-4620 (ADS)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**The DeHaan Law Firm P.C.**
*Counsel for the Plaintiff*
300 Rabro Drive East
Hauppauge, NY 11788
      By:   John W. DeHaan, Esq., Of Counsel

**United States Attorney's Office for the Eastern District of New York**
*Attorneys for the Defendant*
271 Cadman Plaza East
Brooklyn, NY 11201
      By:   Mary M. Dickman, Special Assistant United States Attorney

**SPATT, District Judge.**

      The Court assumes the parties' familiarity with the facts and procedural history of this action. Additional detail that is relevant to the instant motion is provided below. Presently before the Court is a motion for reconsideration of this Court's December 19, 2018 Order (the "Order") denying the Commissioner of Social Security (the "Defendant" or the "Commissioner") a fifth request for an extension of time to file papers in this appeal pursuant to the Social Security Act,

42 U.S.C. § 405 *et seq.* (the "Act"). The Commissioner ultimately seeks to respond to the Plaintiff's Motion for Judgment on the Pleadings and cross-move for remand.

On February 26, 2018, the Plaintiff filed her Motion for Judgment on the Pleadings. Since then, the Court granted four requests to extend the deadline to allow the Defendant to file its reply papers and cross-motion. On September 22, 2018, the Court granted the Defendant's fourth request for an extension of time, noting "[t]he Court will not accept any further requests for extensions to the briefing schedule." The Defendant was given until October 19, 2018 to file its response and cross-motion. Despite the revised, court-ordered briefing schedule, the Defendant again failed to file its response and cross-motion.

On December 18, 2018, almost two months after the revised deadline, the Defendant filed the letter motion at-issue, requesting a fifth extension of time. According to the letter, this request was due to exigencies in other matters as well as the voluminous record. The following day, December 19, 2018, the Court issued the Order, which denied the Commissioner's request for an extension of time and deemed the Plaintiff's motion fully-briefed and unopposed.

On December 20, 2018, the Commissioner filed the instant motion for reconsideration pursuant to Local Rule 6.3.

### I. DISCUSSION

#### A. STANDARD OF REVIEW: MOTION FOR RECONSIDERATION

A motion for reconsideration is governed Local Rule 6.3. *See Hertzner v. Henderson*, 292 F.3d 302, 303 (2d Cir. 2002). Local Rule 6.3 provides that:

> Unless otherwise provided by the Court or by statute or rule (such as FED. R. CIV. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment.

> There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked. The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the Court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the Court.

*Id*. The decision to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." *Wilder v. News Corp.*, No. 11-cv-4947, 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016) (internal citations omitted); *accord Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999) (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)); *Mangino v. Vill. of Patchogue*, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011); *T.Z. v. City of N.Y.*, 634 F.Supp.2d 263, 268 (E.D.N.Y.2009).

In the Second Circuit, there are only three grounds which may be used to grant a motion for reconsideration: (1) a subsequent change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. *Frey v. Bekins Van Lines, Inc.*, No. CV 09–5430, 2012 WL 2701642, at *1 (E.D.N.Y. July 5, 2012) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *accord Luv n' Care Ltd. v. Goldberg Cohen, LLP*, No. 15-cv-9248, 2016 WL 6820745, at *1 (S.D.N.Y. Nov. 10, 2016) (quoting *Hollander v. Members of the Bd. of Regents*, 524 F. App'x 727, 729 (2d Cir. 2013) (summary order)).

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also T.Z.*, 634 F. Supp. 2d at 267-68. "[A] party may not advance facts, issues[,] or arguments not

previously presented to the Court on a motion for reconsideration." *Steinberg v. Elkman*, No. 15-cv-278, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)); *O'Brien v. Bd. of Educ. of Deer Park Union Free Sch. Dist.*, 127 F. Supp. 2d 342, 345 (E.D.N.Y. 2001).

A motion for reconsideration is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *T.Z.*, 634 F.Supp.2d at 268 (internal citations omitted); *Dellefave v. Access Temps., Inc.*, No. 99-cv-6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001) (same). "An attempt to simply relitigate an issue that was already decided will not be granted reconsideration." *In re Zyprexa Prods. Liab. Litig.*, 653 F. Supp. 2d 181, 182 (E.D.N.Y. 2009) (citing *Wall v. Constr. & Gen. Laborers' Union*, No. 06-1264-cv, 2009 WL 230122, at *1 (2d Cir. Feb. 2, 2009) (summary order)).

B. STANDARD OF REVIEW: SOCIAL SECURITY APPEAL

The Act defines the term "disability" to mean an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person may only be disabled if his "impairments are of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

In determining whether a person is disabled, the Commissioner is required to apply the five-step sequential process promulgated by the Social Security Administration, set forth in 20 C.F.R. § 404.1520. *See Rosa v. Callahan,* 168 F.3d 72, 77 (2d Cir. 1999). The Plaintiff bears the burden of proving the first four steps, but then the burden shifts to the Commissioner at the fifth

step to prove that the Plaintiff is capable of working. *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009); *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008); *Rosa,* 168 F.3d at 77. *See also Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) ("If the claimant satisfies her burden of proving the requirements in the first four steps, the burden then shifts to the [Commissioner] to prove in the fifth step that the claimant is capable of working."). "If at any step a finding of disability or non-disability can be made, the [Social Security Administration] will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24, 124 S. Ct. 376, 379, 157 L. Ed. 2d 333 (2003).

> Under the five-step sequential evaluation process, the decision-maker decides:
>
> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014); *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); 20 C.F.R. §§ 404.1520, 416.920. When conducting this analysis, the ALJ must consider the objective medical facts, the diagnoses or medical opinions based on these facts, the subjective evidence of pain and disability, as well as the plaintiff's age, background, education and work experience. *Mongeur v. Heckler*, 722 F.2d 1033, 1037 (2d Cir. 1983) (per curiam).

"Judicial review of the denial of disability benefits is narrow" and "[t]he Court will set aside the Commissioner's conclusions only if they are not supported by substantial evidence in the record as a whole or are based on an erroneous legal standard." *Koffsky v. Apfel*, 26 F. Supp. 2d 475, 478 (E.D.N.Y. 1998) (Spatt, J.) (citing *Bubnis v. Apfel*, 150 F.3d 177, 179-81 (2d Cir. 1998));

*accord Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)); 42 U.S.C. § 405(g). *See also Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder."). The ALJ is required to set forth those crucial factors used to justify his or her findings with sufficient particularity to allow the district court to make a determination regarding the existence of substantial evidence. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

Accordingly, "the reviewing court does not decide the case *de novo*." *Pereira v. Astrue*, 279 F.R.D. 201, 205 (E.D.N.Y. 2010) (citing *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)). Rather, "the findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive," *id*. (citing 42 U.S.C. § 405(g)), and therefore, the relevant question is not "whether there is substantial evidence supporting the [plaintiff's] view;" instead, the Court "must decide whether substantial evidence supports *the ALJ's decision*." *Bonet v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original). In this way, the "substantial evidence" standard is "very deferential" to the Commissioner, and allows courts to reject the ALJ's findings "'only if a reasonable factfinder would *have to conclude otherwise*.'" *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (quoting *Warren v. Shalala*, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)). This deferential standard applies not only to factual determinations, but also to "inferences and conclusions drawn from such facts." *Pena v. Barnhart*, No. 01-cv-502, 2002 WL 31487903, at *7 (S.D.N.Y. Oct. 29, 2002) (citing *Levine v. Gardner*, 360 F.2d 727, 730 (2d Cir. 1966)).

"Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Burgess v. Astrue*, 537

F.3d 117, 127-28 (2d Cir. 2008) (quoting *Halloran*, 362 F.3d at 31); *accord Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971); *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S. Ct. 456, 464, 95 L. Ed. 456 (1951)).

An ALJ's findings may properly rest on substantial evidence even where he or she fails to "recite every piece of evidence that contributed to the decision, so long as the record 'permits [the Court] to glean the rationale of an ALJ's decision.'" *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (per curiam) (quoting *Mongeur*, 722 F.2d at 1040). This remains true "even if contrary evidence exists." *Mackey v. Barnhart*, 306 F. Supp. 2d 337, 340 (E.D.N.Y. 2004) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1998)).

The Court is prohibited from substituting its own judgment for that of the Commissioner, even if it might understandably have reached a different result upon a *de novo* review. *See Koffsky*, 26 F. Supp. 2d at 478 (quoting *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991)); *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

C. APPLICATION TO THE FACTS

The Commissioner objects to the Court's Order denying its fifth request for an extension of time and deeming the Plaintiff's motion as unopposed. Specifically, the Commissioner contends that "[i]t would be manifestly unjust for the Court to find Plaintiff entitled to benefits based solely on Defendant's delay in filing her memoranda setting forth the reasons that Plaintiff has failed to establish a disability." *See* Dkt. 21-1.

This misstates the Court's burden in deciding a Rule 12(c) motion for judgment on the pleadings. Such motions are reviewed under the same standard as Rule 12(b)(6) motions to dismiss. *See Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). "To survive a Rule 12(c) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)). While an unopposed motion "allows the district court to accept the movant's factual assertions as true, the moving party must still establish that the undisputed facts entitle him to judgment as a matter of law." *Wellington v. Astrue*, No. 12-cv-3523, 2013 WL 1944472, at *2 (S.D.N.Y. May 9, 2013) (internal citations and quotation marks omitted). "[T]he Court does not embrace default judgment principles." *Id.* (internal citations omitted). In the context of a social security appeal, the Court is obligated to conduct an independent review of the record before granting an unopposed motion. *See, e.g.*, *Revi v. Comm'r of Soc. Sec.*, No. 16-cv-8521, 2018 WL 1136997, at *18 (S.D.N.Y. Jan. 30, 2018) (report & recommendation) (reviewing the record before recommending that the court deny the Commissioner's unopposed motion for judgment on the pleadings), *adopted by* 2018 WL 1135400 (S.D.N.Y. Feb. 28, 2018); *Martell v. Astrue*, No. 09 Civ. 1801, 2010 WL 4159383, at *2 n.4 (S.D.N.Y. Oct. 20, 2010) (conducting an independent review of the record before granting the Commissioner's unopposed motion for judgment on the pleadings).

Accordingly, the Commissioner's argument that the Court's Order is manifestly unjust is rejected.

## II. CONCLUSION

For the reasons set forth above, the Commissioner's motion for reconsideration is denied.

Further, pursuant to 28 U.S.C. § 636(b)(1)(B), the Court hereby refers the Plaintiff's unopposed [12] Motion for Judgment on the Pleadings to a United States Magistrate Judge for a recommendation as to whether the motion for judgment on the pleadings should be granted, and if so, what relief should be ordered.

The Clerk of the Court is respectfully directed to randomly assign a United States Magistrate Judge and to note the referral.

**SO ORDERED**

Dated: Central Islip, New York
March 25, 2019

                 ___*/s/ Arthur D. Spatt*_____
                  ARTHUR D. SPATT
                 United States District Judge