FILED
CLERK
4:33 pm, May 04, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAWN M. SCORDINO,

                Plaintiff,           ADOPTION ORDER
                                                 2:17-cv-4620 (ADS) (SIL)

       -against-

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**The DeHaan Law Firm P.C.**
*Attorneys for the Plaintiff*
300 Rabro Drive East, Suite 101
Hauppauge, NY 11788
       By:    John W. DeHaan, Esq., Of Counsel.

**United States Attorneys Office, Eastern District of New York**
*Attorneys for the Defendant*
271 Cadman Plaza East
Brooklyn, NY 11201
       By:    Mary M. Dickman, Esq., Assistant United States Attorney.

**SPATT, District Judge**:

       In August 2017, Plaintiff Dawn M. Scordino (the "Plaintiff" or the "Claimant") commenced this appeal pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), challenging a final determination by the Defendant, Nancy A. Berryhill, the then Acting Commissioner of the Social Security Administration (the "Defendant" or the "Commissioner"), that she was ineligible to receive Social Security disability insurance benefits.

       Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P.") 25(d), Saul is hereby substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this action. *See,*

1

*e.g.*, *Pelaez v. Berryhill*, No. 12-CV-7796, 2017 WL 6389162 (S.D.N.Y. Dec. 14, 2017), *adopted by*, 2018 WL 318478 (S.D.N.Y. Jan. 3, 2018).

On February 6, 2018, the Plaintiff moved under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 12(c) for a judgment on the pleadings. ECF 12. She asked for a judgment on the pleadings, or, in the alternative, for the Court to remand the action for a reconsideration of the evidence. *Id.*

The Defendant filed multiple motions for an extension of time to respond to that motion. ECF 14, 15, 16, 17, 19. Court granted the first four extension motions before denying the fifth. ECF 20. On March 25, 2019, the Court denied the Defendant's motion for reconsideration. ECF 24.

In that same order, the Court referred the Plaintiff's unopposed Rule 12(c) motion to a United States Magistrate Judge for a Report and Recommendation as to whether the motion should be granted, and if so, what relief should be ordered. *Id.* The motion was referred to United States Magistrate Judge Steven I. Locke. *Id.*

On November 19, 2019, Judge Locke issued the Report and Recommendation ("R&R"), recommending that the Court grant the motion in part, deny it in part, and remand the matter for further proceedings. ECF 26. In particular, he held that the administrative law judge ("ALJ") in the Plaintiff's case violated the treating physician rule and did not properly rule on the Plaintiff's credibility. *Id.* at 25, 30. Judge Locke also recommended that remand was the proper form of relief:

> On this record, the Court cannot conclude that "application of the correct legal standard could lead to but one conclusion[,]" because, as discussed above, there are inconsistencies between the medical opinions that ALJ Kilgannon reviewed. Rather, ALJ Kilgannon's application of improper legal standards with respect to assessing the medical opinion of Plaintiff's treating physician and evaluating Scordino's credibility warrants further administrative proceeding. Accordingly,

2

> the Court respectfully recommends denying Plaintiff's motion insofar as she seeks a judgment on the pleadings and granting it with respect to her request for further proceedings.

*Id.* at 32 (internal citations omitted).

It has been more than fourteen days since the service of the R&R. The parties have not filed objections. As such, pursuant to 28 U.S.C. § 636(b) and FED. R. CIV. P. 72, this Court has reviewed the R&R for clear error, and, finding none, now concurs in both its reasoning and its result. *See Coburn v. P.N. Fin.*, No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346 at *1 (reviewing R&R without objections for clear error).

Accordingly, the R&R is adopted in its entirety. The case is remanded for further proceedings. The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated:   Central Islip, New York                    /s/ Arthur D. Spatt

   May 4, 2020                                             ARTHUR D. SPATT

                                                          United States District Judge